# CIRCUIT COURT OF THE CITY OF RICHMOND

Bon Secours St. Mary's Hospital

    v.

Department of Medical Assistance Services
and Cynthia B. Jones, Director,
Commonwealth of Virginia
Department of Medical Assistance Services

March 24, 2014

Case No. CL13-2046

By JUDGE MELVIN R. HUGHES, JR.

This case is before the court for judicial review of an administrative decision. The agency involved is the Virginia Department of Medical Assistance Services (DMAS) and the appellant is Bon Secours St. Mary's Hospital (St. Mary's). At issue is DMAS' decision that St. Mary's was overpaid for services rendered for inpatient care under Medicaid and that St. Mary's should refund the overpayments for non-compliance with medical need certification and recertification requirements.

Federal regulations require a provider of Medicaid services to certify the need for each patient's inpatient services at the time of admission and recertify the need for continued treatment every sixty days. DMAS' manual, *Medicaid Hospital Manual* (the Manual), provides that "the certification must be in writing and signed by an individual clearly identified as a physician (M.D.), doctor of osteopathy (D.O.), or dentist (D.D.S.)... and dated at the time it is signed". Manual, Ch. VI, p. 3 (revision 6/12/06), p. 4 (revision 10/28/09).

During the hearing, counsel provided copies of admission forms at issue. These consist of records of patients in the NICU (neonatal intensive care unit) and pediatric patients. Some patients have both admissions forms and progress notes which are said to be out of compliance. The issues involve

certification and recertification requirements for medical need of a total of eleven patients. There is no dispute that all the patients needed patient care.

While the agency decision finding is about the improper or absence of proper placement of dates on the forms, the forms all have dates in multiple locations. It is important to note that neither the federal regulations nor the Manual specify a precise way a certification is to be made.

Taken from DMAS' Reply Brief, the following is a summary of the admission forms for nine patients whose certifications were found lacking by the agency:

1. For recipient M.H.G., the certification block is signed by a physician, but not dated;

2. For recipient G.M.G., the certification block is signed by a physician, but not dated;

3. For recipient J.D., the certification block is signed by a non-physician, then countersigned by a physician, but not clearly dated by the countersigning physician;

4. For recipient L.D., the certification block is not signed or dated by a physician but was later countersigned by a physician;

5. For recipient G.W., the certification block is signed by a physician, but not dated;

6. For recipient B.L.H., the certification block was not signed by a physician; and

7. For recipient M.W.C., the certification block is signed by a physician, but not dated.

For the two patients, S.A.N. and K.S.C., St. Mary's utilized an electronic or computer generated form. For S.A.N., the form is signed but the signature is not dated. For K.S.C., the form is also signed, but the signature was not dated.

For seven of the patients, the controversy centers around recertification in progress notes. These, according to DMAS, while containing physician signatures, do not contain recertification statements.

The certification requirements are found in federal regulation at 42 C.F.R. 456.60(a), which provides in relevant part:

> (1) A physician must certify for each applicant or recipient that inpatient hospital services are or were needed.

> (2) The certification must be made at the time of admission.

The recertification requirements are found at 42 C.F.R. § 456.60(b), which provides in relevant part:

> (1) A physician, or physician assistant or nurse practitioner . . . acting within the scope of practice as defined by State law and under the supervision of a physician, must

recertify for each applicant or recipient that inpatient services in a hospital are needed.

(2) Recertification must be made at least every 60 days after certification.

Regarding certification, the Manual provides that the certification "may be either a separate form to be included with the patient's records or a stamp stating '[c]ertified for Necessary Hospital Admission['], which must be an identifiable part of the physician orders, history, and physical or other patient records." Manual, Ch. VI, p. 3 (revision 06/12/06). The Manual also states that recertification must consist of a physician statement in the medical record or a statement indicating where the recertification statement is contained. Manual, Ch. VI, p. 4 (revision 10/28/04) and revision (06/12/06).

The regulations and the Manual can be read to impose the requirement that a physician in these cases must have certified the need for inpatient medical care at the time of admission or that such care must continue at the time of recertification.

In these cases, the burden rests on the appealing party to "designate and demonstrate an error of law subject to judicial review." Va. Code § 2.2-4027. *See also Johnston Willis v. Kenley*, 6 Va. App. 231, 241, 369 S.E.2d 1, 6 (1988). Under the well-known principles, the court must allow an agency decision to stand if there is support in the record and it is not arbitrary and capricious. 6 Va. App. at 246, 369 S.E.2d at 9. Facts found by the agency are binding except when the court, on review, must necessarily come to a different conclusion. *Virginia Real Estate Bd. v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983). Here, under the foregoing principles, the agency decision will be upheld.

As noted, while the admission and progress note forms all have dates in various locations, the issues are whether the forms have improper or missing dates on them. The NICU admission forms have places for signatures under the certification block and at the bottom of the page. While most are signed in both places, few are dated below the certification block. Others have physician counter-signatures but with no dates. The computer generated ones for S.A.N. and K.S.C. are time stamped when printed, but the doctors did not include a date next to their signatures. The same is the case with the progress notes. They have signatures but with no corresponding dates indicating the times of signatures.

The court interprets the rules as requiring physicians to both sign and date the forms or notes at the time of admission and at the time of recertification. As the hearing officer observed in his finding in favor of the agency decision, if St. Mary's forms had been completed correctly, the certification requirements would have been met. This finding on review comes with evidence to support it and is not arbitrary or capricious. *See* Va. Code § 9-6.14:17.

For these reasons, St. Mary's Bon Secours' appeal will be denied.